**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY LEE HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV848 DDN |
| | ) | |
| MARK RODEBAUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

Plaintiff alleges that defendant Mark Rodebaugh, a police officer with the St. Louis Police Department arrested him on February 19, 2014, for theft and trespassing. Plaintiff alleges, in a wholly conclusory manner, that Rodebaugh did not have probable cause for the arrest. However, plaintiff alleges that Rodebaugh was investigating the theft of metal from Engineering Warehouse Equipment. Rodebaugh talked to either Sue Kerr or Frank Sophie, who are employees at Southern Metal Processing Center ("Southern Metal), about the theft and requested they contact him regarding persons attempting to sell scrap metal. After plaintiff either

attempted to sell metal or sold metal to Southern Metal, Kerr or Sophie notified Rodebaugh and gave him plaintiff's contact information. Plaintiff asserts that defendants arrested him because he is African-American, and he claims that Rodebaugh used racial epithets while arresting him. Plaintiff seeks monetary, declarative, and injunctive relief.

On September 23, 2014, a grand jury indicted plaintiff on two counts of stealing and two counts of trespass. *Missouri v. Hunter*, No. 1422-CR03632 (City of St. Louis). The indictment states that plaintiff stole metal from Engineering Warehouse equipment on February 18, 2014. *Id.* Plaintiff pled guilty on May 6, 2014. *Id.* He did not file an appeal.

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). As a result, he is not entitled to monetary or declaratory relief.

Additionally, plaintiff's request for injunctive relief is mooted by his guilty plea. He seeks "Preliminary Injunctive Relief under Fed. R. Civ. P. Rule 65 to avoid harassment and retaliation revenge and Prospective relief." Plaintiff asserts that he did not commit the crime and that the reason he was arrested was racial animus. However, plaintiff admitted having committed the crime by pleading guilty. Moreover, his claims regarding racial animus are conclusory and do not state a plausible claim for relief.

Also, defendants Kerr, Sophie, and Southern Metal are not state actors under § 1983.

The complaint is also frivolous against the St. Louis Police Department because police departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

For each of these reasons, the complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of June, 2015.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE